In the Matter of LA ELECTRONICA,
INC., Debtor.

Olga CAPO ROMAN, Plaintiff–Appellant,

v.

LA ELECTRONICA, INC.,
Defendant–Appellee.

Civ. No. 96–2081(JAF).

Bankruptcy No. 89–02727 ESL.

United States District Court,
D. Puerto Rico.

July 30, 1998.

Fernando Van Derdys, Fiddler Gonzalez &
Rodriguez, San Juan, PR, for plaintiff.

Michael Trias–Fraticelli, Felix A. Rodri-
guez–Mejias, San Juan, PR, for defendant.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiff-appellant, Olga Capó–Román
("Capó"), appeals from the bankruptcy
court's decision filed and entered on October
12, 1994, granting the request of Defendant-
appellee, La Electrónica, Inc. ("La Electróni-
ca") and ordering Capó to return $218,468.17,
plus $17,572.80 in interest, and $88.69 in
costs awarded by the Court of Appeals for
the First Circuit. The amount totaled $236,-
129.88. This court has jurisdiction to hear
the present appeal under 28 U.S.C. § 158(a)
(1994). After reviewing the Opinion and Or-
der of the bankruptcy court, appellant's brief,
and other pertinent documents,[1] we **AF-
FIRM** the bankruptcy court's decision.

### I.

### Facts

The facts of this case have been very clear-
ly detailed by the bankruptcy court, and we,
like appellant, accept the facts as summa-
rized in the Opinion and Order dated October

1. Appellee did not file a brief in opposition to    appellant's.

6, 1994 by the Bankruptcy Court for the District of Puerto Rico. Our recounting of the facts is drawn from the bankruptcy court's order.

On June 26, 1987, Capó filed a divorce action against her former husband, Reinaldo Betancourt–Viera ("Betancourt"), before the Superior court of Puerto Rico. The court imposed an alimony payment in favor of Capó to be paid by Betancourt. Capó and Betancourt then signed a private agreement which was dated July 22, 1988, in which Betancourt and La Electrónica agreed to make payments to Capó of $3,300 per month in alimony, as well as cover certain monthly expenses until the conjugal partnership was liquidated. In exchange for the payments, Capó resigned from her position with La Electrónica. On July 26, 1988, the judgment resolving the marriage between Capó and Betancourt was entered by the Superior Court, and it contained the private agreement.

On June 28, 1989, La Electrónica filed a petition under Chapter 11 of the Bankruptcy Code and both Betancourt and La Electrónica ceased making the payments to Capó which were contained in the private agreement. In its schedules, La Electrónica listed Capó as an unsecured contested creditor in the amount of $1.00.

The court handling La Electrónica's Chapter 11 petition set the claims filing bar date as December 26, 1989. On December 22, 1989, Capó filed a motion requesting an extension of time to file a proof of claim. The bankruptcy court granted her motion but she failed to file a proof of claim within the time allowed.

On June 25, 1990, Capó filed a motion requesting payment of administrative expenses and asking the court to order La Electrónica to pay her $36,300, as well as make the monthly alimony payments of $3,300, plus expenses, as per the private agreement. The bankruptcy court entered an opinion and order on November 29, 1990, in which it held that the agreement was an executory contract entitled to priority status as an administrative expense. On appeal, the district court reversed the bankruptcy court's decision, finding that the contract between Capó and Betancourt was not executory, that the payments did not qualify as an administrative expense, that La Electrónica had not assumed the contract, and that the payments did not benefit the estate. On appeal, the Court of Appeals for the First Circuit upheld the district court's decision on different grounds. The First Circuit determined that it did not need to decide whether the agreement was an executory contract or whether Capó's resignation constituted valid consideration for La Electrónica's assumption of Betancourt's obligations under the divorce decree, because it found that Capó failed to prove that La Electrónica's postpetition assumption of Betancourt's obligations under the divorce decree constituted an actual, necessary cost and expense priority under the Bankruptcy Code.

On July 9, 1993, pursuant to Fed. R.Bankr.P. 3002(c)(3), Capó filed a proof of claim which amounted to over 4,800 per month.

Capó then filed this suit with the bankruptcy court, alleging that she is entitled to the payments made by La Electrónica pursuant to the bankruptcy court's order. She argued that since the payments La Electrónica paid to her were made pre-petition and subsequent to the confirmation of La Electrónica's plan, they did not derive from the estate and do not have to be returned to the debtor. Capó concluded that the payments were thus proper under the terms of the agreement and should be considered a disbursement under the plan to a general unsecured creditor. Capó also contended that, even if her proof of claim was considered untimely, her request for payment of administrative expenses should be considered an unsecured claim.

The bankruptcy court ruled that Capó's claim failed on two grounds. It found that even if her right to payment could be considered a claim, it is not allowable because Capó did not file a timely proof of claim. It also determined that her right to payment could not be considered a "claim" under the Bankruptcy Code because no money was owed to her pursuant to the agreement at the time La Electrónica's petition was filed. Capó presently appeals this decision.

## II.

### *Analysis*

Sitting as an appellate court reviewing decisions of the bankruptcy court, we review the bankruptcy court's factual findings under a clear error standard, and its conclusions of law under a de novo standard. *In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991); *Matter of Torres López*, 138 B.R. 348, 349 (D.P.R.1992). Appellant does not find fault with the bankruptcy court's factual findings and neither do we. However, appellant contends that the bankruptcy court erred in finding that even if the appellant's right to payment was a claim, it would be time-barred and that appellant's right to payment cannot be considered a claim.

■ We will first address appellant's contention that her right to payment was not time-barred by her failure to file a timely proof of claim. In order for the claim of a creditor whose claim is scheduled as disputed, contingent or unliquidated to be allowable, the creditor must file a timely proof of claim, and, if such proof of claim is not filed, the creditor will not be treated as a creditor for the purposes of voting and distribution. Fed.R.Bankr.P. 3003(c)(2).[2]

Appellant did not file a timely proof of claim. Even after she requested an extension of time to file a proof of claim, she did not file a proof of claim before the bar date. Appellant claims that her motion for payment of administrative expenses was actually an informal proof of claim. Even if we were to accept appellant's argument, she still filed the motion after the expiration of the claims bar date.

■ Appellant claims that the failure to file a proof of claim within the deadline set by the court was the result of "excusable neglect." Pursuant to Bankruptcy Rule 9006(b)(1),[3] the doctrine of "excusable neglect," which the Supreme Court described in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), affords courts the discretion to excuse the late filing of a proof of claim if the late filing was due to an attorney's inadvertent failure to file a timely proof of claim.

■ While appellant argues that her late filing should be excused under the principle of "excusable neglect," she provides little support for this proposition. Appellant claims that the bankruptcy court should have used its discretion under this doctrine and found that her motion for payment of administrative expenses was a proof of claim. However, as stated above, even if we or the bankruptcy court accepted this argument, she still filed the motion after the expiration of the claims bar date. Moreover, appellant has not explained how her or her attorney's error caused her to fail to file a timely proof of claim. Therefore, we see no reason to excuse appellant's late filing.

Because we agree with the bankruptcy court that, even if appellant's right to payment could be considered a claim, it would be time-barred, we **AFFIRM** the bankruptcy court's decision without reaching the issue of whether or not appellant's right to payment constituted a claim.

**IT IS SO ORDERED.**

---

2. Bankruptcy Rule 3003(c)(2) states:
   Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. Fed.R.Bankr.P. 3003(c)(2) (1994).

3. Bankruptcy Rule 9006(b)(1) states:
   Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Fed.R.Bankr.P. 9006(b)(1) (1994).